# EXHIBIT M

JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
ASHLEE N. LIN (SBN 275267)
alin@eisnerlaw.com
ELAINE LI (SBN 333529)
eli@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Plaintiffs
FABIAN NUNEZ, KIRILL GONCHARENKO,
ACTUM CA OPCO LLC, and ACTUM UK
OPCO LLC

FILED
Superior Court of California
County of Los Angeles
10/05/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____N. Osollo_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| FABIAN NUNEZ, an individual; KIRILL GONCHARENKO, an individual; ACTUM CA OPCO LLC, a Delaware limited liability company; and ACTUM UK OPCO LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>MERCURY PUBLIC AFFAIRS LLC, a Delaware limited liability company; DOES 1 through 50,<br><br>Defendants. | Case No.  21STCV36104<br><br>*Assigned for all purposes to:*<br>*Hon. Barbara M. Scheper, Dept. 30*<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF**<br><br>**(2) UNFAIR COMPETITION**<br><br>**(3) PERMANENT INJUNCTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs FABIAN NUNEZ, KIRILL GONCHARENKO, ACTUM CA OPCO LLC, and ACTUM UK OPCO LLC, for their Complaint against Defendant MERCURY PUBLIC AFFAIRS LLC f/k/a MERCURY PUBLIC ACQUISITION, LLC, and DOES 1 through 50, inclusive, allege as follows:

## INTRODUCTION

1. Plaintiffs Fabian Nunez and Kirill Goncharenko ("Plaintiffs")[1] are highly regarded public affairs experts who were employed by Defendant Mercury Public Affairs LLC ("Mercury") for many years. Mercury is owned by Omnicom Group, Inc. ("Omnicom") via certain subsidiary entities.

2. Plaintiffs recently ended their employment relationships with Mercury and now are continuing to do business through Plaintiff Actum CA Opco LLC (the "California Newco") and Plaintiff Actum UK Opco LLC (the "London Newco")—entities located in California and London and which the parties have commonly referred to as "Newcos." While these Newcos conduct the same type of business as Mercury, Mercury agreed in writing and through its conduct that Plaintiffs could separately form, own and operate these Newcos since as early as 2013. Plaintiffs now simply intend to continue operating under the Newcos, albeit under a new company name. But Mercury appears determined to attempt to prevent Plaintiffs from earning a living in the public affairs industry. Mercury has threatened to attempt to enforce unlawful non-competition agreements to stop Plaintiffs from working in the public relations industry entirely, even if Plaintiffs are doing so under the existing Newcos that Mercury agreed Plaintiffs could separately own and operate. Plaintiffs now seek a declaration from the Court that they are not acting in violation of any agreements with Mercury by operating under the auspices of the Newcos.

3. While Plaintiffs are not acting in violation of any restrictive covenants, those covenants are illegal in any event and cannot be enforced. California has long recognized the important public policy in prohibiting employers from enforcing provisions that restrain a person

---

[1] Plaintiffs Actum CA Opco LLC and Actum UK Opco LLC are not included in the definition of "Plaintiffs," as used herein, unless otherwise specified. Instead, these entities will be collectively referred to as "Newcos."

EISNER, LLP

2
FIRST AMENDED COMPLAINT

1  from engaging in their chosen profession.  Such policy is codified by statutes intended to promote
2  "open competition and employee mobility" and to protect the right of all Californians to "pursue
3  any lawful employment and enterprise of their choice" and "engage in businesses and occupations
4  of their choosing."  *See Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008).

5      4.    The restrictive covenants at issue are in violation of California public policy and
6  constitute unfair competition under California law.  Plaintiffs' employment agreements also
7  violate the "seven year rule" embodied in California Labor Code § 2855 in that they indefinitely
8  extend the term of Plaintiffs' employment with Mercury beyond seven years.  *De Haviland v.*
9  *Warner Bros. Pictures*, 67 Cal. App. 2d 225, 236 (1944).  Accordingly, Plaintiffs seek a judicial
10 determination that the agreements, in whole or in part, are void and unenforceable and that
11 Mercury is prohibited from enforcing them.

12 **THE PARTIES**

13     5.    Plaintiff FABIAN NUNEZ ("Nunez") is an individual residing in the State of
14 California, County of Los Angeles, and a member of High Stakes Holding Co. LLC ("High
15 Stakes"), a company that maintains a minority ownership interest in Mercury.

16     6.    Plaintiff KIRILL GONCHARENKO ("Goncharenko") is an individual residing in
17 the State of California, County of Los Angeles, and a member of High Stakes.

18     7.    Plaintiff ACTUM CA OPCO LLC is, and at all relevant times mentioned herein
19 was, a limited liability company organized and existing under the laws of the State of Delaware.

20     8.    Plaintiff ACTUM UK OPCO LLC is, and at all relevant times mentioned herein
21 was, a limited liability company organized and existing under the laws of the State of Delaware.

22     9.    Defendant MERCURY PUBLIC AFFAIRS LLC, formerly known as Mercury
23 Public Acquisition, LLC ("Mercury" or "Defendant") is, and at all relevant times mentioned
24 herein was, a limited liability company organized and existing under the laws of the State of
25 Delaware and doing extensive business in the State of California.

26     10.    Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as
27 DOES 1 through 50, inclusive, and therefore sue such Defendants by such fictitious names.
28 Plaintiffs are informed and believe and thereon allege that each Defendant is responsible in some

EISNER, LLP

3
FIRST AMENDED COMPLAINT

manner for the damages suffered by Plaintiffs as alleged in this Complaint. Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

11. Jurisdiction is proper in the Superior Court of the State of California for the County of Los Angeles pursuant to California Code of Civil Procedure Section 410.10.

12. Venue is proper in Los Angeles County, California pursuant to California Code of Civil Procedure Section 392, *et seq.* because a substantial portion of the transactions and wrongs complained of herein occurred in this County, and Defendant has received substantial compensation by doing business here and engaging in numerous activities that had an effect in this County.

## GENERAL ALLEGATIONS

### A. History of Mercury and the Newcos

13. Mercury was founded in 1999 by Plaintiff Goncharenko and Kieran Mahoney, two of the nation's top public affairs experts. The firm had great early success and within a few years had caught the attention of Omnicom. Omnicom (by and through certain subsidiaries) began acquiring ownership interests in Mercury in 2003.

14. In 2010, Omnicom proposed a new business structure that should have allowed Goncharenko (and Nunez, who began working for Mercury thereafter) to grow the business into new markets and locations, with the support of Omnicom. Under this new business structure, which the parties memorialized in a written agreement, Omnicom agreed that Plaintiffs (and other stakeholders) could form, own and operate the Newcos—which would be independent business entities outside of the Mercury structure. Critically, the parties contemplated that neither Mercury nor any of its affiliates would have any ownership interest in these Newcos initially, but might purchase the Newcos if the Newcos met certain financial performance metrics.

15. The opportunity to grow their business through the Newcos was a key reason that Plaintiffs agreed to enter into, or continue their employment with Mercury. However, Omnicom's promises proved largely untrue. Although Omnicom permitted the formation of the London and

California Newcos, Omnicom refused to allow Plaintiffs to expand into additional markets and international locations, despite Plaintiffs' contractual right to do so, preventing them from expanding in an industry in which they are top experts.

16. After years of broken promises, Plaintiffs terminated their respective employments with Mercury, and now intend to continue conducting their business through the California and London Newcos—as they have for approximately three and eight years. Omnicom, Mercury's majority owner, has expressly allowed Plaintiffs to utilize the Newcos in this manner since at least 2013. But now that Plaintiffs have resigned from Mercury and plan to operate the Newcos without the Mercury name, Omnicom has changed its tune—taking the position that it will rely on highly restrictive covenants to attempt to shackle Plaintiffs from competing with Mercury at all costs.

17. Mercury cannot justify its attempt to improperly penalize Plaintiffs for continuing to conduct business through the Newcos that Mercury agreed could be separately owned and operated by Plaintiffs. The parties' agreements do not condition Plaintiffs' right to operate the Newcos on their continued employment with Mercury, nor do the agreements contain any provisions mandating that the Newcos operate under the Mercury banner.

18. Thus, Plaintiffs are informed and believe that they are permitted and entitled to continue servicing their current clients through the California and London Newcos without violating any non-competition agreements with Mercury.

**B.   The Unenforceable Employment Agreements At Issue**

19. Even if Mercury had not previously allowed Plaintiffs to independently own and operate the Newcos in the same way they plan to now, Plaintiffs clearly need the ability to pursue business opportunities in the public relations industry—in which they have worked hard, built prominent reputations, and developed significant relationships—to support themselves and their families. Mercury is now attempting to hamstring Plaintiffs' ability to do so by enforcing highly restrictive non-competition agreements, which are illegal and unenforceable under California law.

20. Goncharenko has served as the President of Mercury since 2008, and with his unique expertise, realized tremendous growth and success for Mercury. Goncharenko's

Employment Agreement with Mercury was first executed eighteen years ago on October 1, 2003, and amended as of March 31, 2008 (the "Goncharenko Employment Agreement").

21. Section 2 of the Goncharenko Employment Agreement (as amended) provides that his employment with Mercury may not be terminated except upon 180 days' written notice, an unreasonably lengthy notice period that is intended to restrict Goncharenko from changing employers and competing with Mercury. The Goncharenko Employment Agreement also attempts to prohibit Goncharenko from competing with Mercury via indefinite and highly restrictive covenants that prohibit Goncharenko from (i) doing any work similar to the work conducted by Mercury for any client or prospective client of Mercury, and (ii) soliciting any client or employee of Mercury—all for two years following the termination of his employment with Mercury. (Goncharenko Employment Agreement § 8(a).)

22. In 2013—almost eight years ago—Plaintiff Nunez became an employee of Mercury and entered into an Employment Agreement with Mercury dated December 31, 2013 (the "Nunez Employment Agreement"). Nunez is one of the most prominent and influential Hispanic politicians who served three two-year terms as a member of the California State Assembly (including as Speaker for his final two terms).

23. Similar to the Goncharenko Employment Agreement, Section 2 of the Nunez Employment Agreement provides that his employment with Mercury may not be terminated except upon an unreasonably lengthy notice period of 90 days, which is intended to restrict Nunez's ability to compete against his former employer. And like the Goncharenko Employment Agreement, the Nunez Employment Agreement attempts to prohibit competition with a highly restrictive covenant that prohibits Nunez from engaging in work similar to the work conducted by Mercury for any client or prospective client of Mercury, or soliciting clients or employees (and even goes so far as to prohibit him from using his own last name in connection with a business similar to Mercury's) for two years following the termination of his employment with Mercury. (Nunez Employment Agreement § 8(b)).

24. In 2015, Nunez was required to enter into an additional Protective Covenant Agreement with Mercury (the "Nunez Protective Covenant Agreement"), dated March 15, 2015.

1  The Nunez Protective Covenant Agreement is intended to prevent competition with a highly
2  restrictive non-compete provision that is virtually identical to the non-compete provision found in
3  the Nunez Employment Agreement.  (*See* Nunez Protective Covenant Agreement § 3.)

      **C.**      **The LLC Agreement**

25.  Also in 2013—over seven years ago—Plaintiffs Goncharenko and Nunez were each required to personally sign the Fourth Amended and Restated Limited Liability Company Agreement of Mercury dated December 31, 2013 (the "LLC Agreement"), despite the fact that neither of them is or was a member of Mercury.

26.  The LLC Agreement also contains a highly restrictive covenant that prohibits Plaintiffs from engaging in work similar to the work conducted by Mercury for any client or prospective client of Mercury, and from soliciting Mercury's clients and employees, for two years following the termination of their respective service for Mercury.  (LLC Agreement § 7.3(a).)

      **D.**      **The Agreements Are Unenforceable Under California Law**

27.  As residents of and employees working in California, Plaintiffs are entitled to the benefits and protections of California law.

28.  Under California Labor Code § 2855(a), a contract to render personal services may not be enforced against the employee beyond seven years from the commencement of service under it.  Nevertheless, Mercury seeks to enforce employment agreements beyond seven years including:

      a.      The 2003 Goncharenko Employment Agreement, including its termination provision, non-competition provision, and non-solicitation provision.

      b.      The 2013 Nunez Employment Agreement, including its termination provision, non-competition provision, and non-solicitation provision.

      c.      The restrictive covenant contained in the 2013 LLC Agreement.

29.  These agreements and/or provisions contained therein—some of which were entered into up to *eighteen years ago*—are unenforceable under § 2855(a).

30.  Under California Business and Professions Code § 16600, subject to limited exceptions, every contract by which anyone is restrained from engaging in a lawful profession,

trade, or business of any kind is to that extent void. Nevertheless, Mercury seeks to enforce agreements that prohibit Plaintiffs, their potential clients, and potential employees from engaging in a lawful profession, trade, and/or business, including:

  a. The 2003 Goncharenko Employment Agreement, including its termination provision, non-competition provision, and non-solicitation provision.

  b. The 2013 Nunez Employment Agreement, including its termination provision, non-competition provision, and non-solicitation provision.

  c. The 2015 Nunez Protective Covenant Agreement, including its non-competition provision, and non-solicitation provision.

  d. The restrictive covenant contained in the 2013 LLC Agreement.

  31. These agreements and/or the provisions contained therein are unlawful under California Business and Professions Code § 16600. The agreements and/or the provisions contained therein are not tied to the sale of the goodwill of any business. Indeed, the time restriction in each of the agreements is not tied to the date of any sale of a business, but expressly tied to the termination of Plaintiffs' employments (or "involvement" in the company). Moreover, the non-compete provisions of the agreements are not limited to clients that were acquired in connection with any sale of any business, but rather extend to all clients of Mercury.

  32. Under California Labor Code § 2922, an employment agreement of perpetual duration is terminable at will at any time. Yet, Mercury contends that Plaintiff Goncharenko was not entitled to terminate the 2003 Goncharenko Employment Agreement without providing 180 days' notice and that Plaintiff Nunez was not entitled to terminate the 2013 Nunez Employment Agreement without providing 90 days' notice.

  33. Mercury's actions are contrary to express statutory law and the public policy of this State. Mercury refuses to acknowledge that the agreements and/or provisions therein are unenforceable against Plaintiffs on multiple grounds. Instead, Mercury seeks to prohibit Plaintiffs from fulfilling their chosen professions, utilizing their unique and highly sought-after skillsets and expertise, and supporting themselves and their families for at least two years after their departure from Mercury.

34. Mercury's mandate that Plaintiffs sign the LLC Agreement in their personal capacities also rendered the agreement unenforceable as to Plaintiffs based on well-established common law doctrines, including:

a. The LLC Agreement cannot bind Plaintiffs because they received no consideration for signing the LLC Agreement in their personal capacities;

b. The LLC Agreement cannot bind Plaintiffs because it is a contract of adhesion as applied to Plaintiffs. On information and belief, despite initially offering Plaintiffs the opportunity to restructure their business relationship in a way that would allow Plaintiffs to expand Mercury's business, Omnicom, through Mercury, ultimately forced Plaintiffs to sign the LLC Agreement in their individual capacities in order to consummate the deal that Omnicom initially proposed;

c. To the extent there was any purpose for Plaintiffs to sign the LLC Agreement in their personal capacities, that purpose has been frustrated by Mercury's repeated refusals to allow Plaintiffs to expand and operate Mercury's business as promised;

d. The LLC Agreement cannot bind Plaintiffs because they executed the agreement under procedurally and substantively unconscionable circumstances;

e. It would be impracticable for Plaintiffs to perform their obligations under the LLC Agreements because Plaintiffs cannot comply with the restrictive covenants, and cease earning a livelihood through their chosen professions, without excessive and unreasonable difficulty or expense.

## FIRST CAUSE OF ACTION

### Declaratory Relief

**(Plaintiffs against Mercury and Does 1 to 50)**

35. Plaintiffs[2] incorporate herein by reference the allegations contained in Paragraphs 1 through 34, inclusive, as though set forth in full.

---

[2] The term "Plaintiffs," as used in this cause of action, includes all Plaintiffs named herein.

36. There is an actual controversy between Plaintiffs and Mercury relating to Plaintiffs' entitlement to continue conducting business through the Newcos following the termination of Nunez and Goncharenko's employments with Mercury. Plaintiffs contend that the parties always contemplated Plaintiffs' right to independently own and operate the Newcos, and that Plaintiffs' intention to simply continue doing so now cannot run afoul of any restrictive covenants in Nunez's and Goncharenko's Agreements (defined herein) with Mercury.

37. Therefore, Plaintiffs seek a judicial declaration of Plaintiffs' rights to continue operating the Newcos, free of any threat by Mercury to enforce unlawful restrictive covenants, and thereby restrain Plaintiffs from pursuing business in the same manner that Mercury previously agreed to permit.

38. In the alternative, and assuming that Plaintiffs do not retain the right to continue operating the Newcos in accordance with the parties' prior agreements, there is an actual controversy between Plaintiffs and Mercury relating to the enforceability of the Goncharenko Employment Agreement, the Nunez Employment Agreement, and the Nunez Protective Covenant Agreement (collectively, and together with the LLC Agreement, the "Agreements"). Plaintiffs contend that the said agreements are void and unenforceable, in whole or in part, because they violate California Labor Code § 2855(a), California Labor Code § 2922, California Business and Professions Code § 16600, *et. seq.*, and/or California Business and Professions Code § 17200 *et. seq.*, among other things.

39. Also in the alternative, and assuming that Plaintiffs do not retain the right to continue operating the Newcos in accordance with the parties' prior agreements, there is an actual controversy between Plaintiffs and Mercury relating to the non-compete provision of the LLC Agreement. Plaintiffs contend that the non-compete provision is unenforceable because it violates California Business and Professions Code § 16600, *et. seq.*, and/or California Business and Professions Code § 17200 *et. seq.*, among other common law doctrines.

40. Plaintiffs further contend that Plaintiffs Nunez and Goncharenko were allowed to terminate their employment with Mercury without advance written notice, and are now permitted

1  to engage in business similar to that of Mercury, and with past or present clients of Mercury and
2  past or present employees of Mercury.

3  41. Therefore, in the alternative, and assuming that Plaintiffs do not retain the right to
4  continue operating the Newcos in accordance with the parties' prior agreements, Plaintiffs seek a
5  judicial declaration of Plaintiffs' and Mercury's respective rights and duties under the
6  Agreements.

## SECOND CAUSE OF ACTION

## Violation of Unfair Competition Laws Under California Business & Professions Code Section 17200 *et. seq.*

**(Plaintiffs Against Mercury and Does 1 to 50)**

11  42. Plaintiffs[3] incorporate herein by reference the allegations contained in Paragraphs 1
12  through 41, inclusive, as though set forth in full.

13  43. Plaintiffs are informed and believe that, within the last eighteen years, Mercury has
14  wrongfully required employees hired to work in the State of California to execute an agreement
15  that contains unduly restrictive and unlawful non-competition and non-solicitation provisions
16  similar to those in the Agreements. Plaintiffs are further informed and believe that Mercury has
17  wrongfully engaged in efforts to enforce such provisions in the public relations industry.

18  44. In effect, through its wrongful acts, Mercury is able to create for itself an unfair
19  competitive advantage along with other benefits at the expense of its competitors and clients, its
20  former, current, and future employees, other competing companies or employers, like the Newcos,
21  and members of the public who previously did or currently do business with Mercury and now
22  also wish to do business with Plaintiffs since Nunez and Goncharenko terminated their
23  employment with Mercury.

24  45. Plaintiffs need to continue to seek and develop relationships with employees and
25  clients in California, which is hindered by Mercury's use of anti-competitive agreements and
26  tactics. Mercury's efforts to enforce the Agreements against Nunez and Goncharenko, and

---

[3] The term "Plaintiffs," as used in this cause of action, includes all Plaintiffs named herein.

EISNER, LLP

11
FIRST AMENDED COMPLAINT

therefore restrain them from competing with Mercury under any circumstances, including through the Newcos, will greatly injure the Newcos, which will lose substantial revenue if Nunez and Goncharenko are no longer able to continue generating business for the Newcos.

46. Plaintiffs are informed and believe that Mercury's wrongful acts and conduct as alleged herein, which include, *inter alia*, requiring Plaintiffs to enter into the Agreements and attempting to enforce the Agreements' restrictive covenants in violation of the applicable law, constitutes "unfair" and "unlawful" competition, and/or "unlawful," "unfair" and/or "fraudulent" business practices in violation of the unfair competition provisions of California Business & Professions Code §17200, *et seq*.

47. Plaintiffs are informed and believe that they have been harmed and will continue to lose money and property as a result of Mercury's conduct, and seek restitution of all monetary benefits of which Plaintiffs have been wrongfully deprived, in addition to any other available remedy, including those requested herein.

48. Plaintiffs are informed and believe that through this lawsuit, Plaintiffs' enforcement of § 17200 confers a significant benefit, pecuniary or otherwise, to the general public by ensuring fair and free competition for Plaintiffs and other employees of Mercury.  Plaintiffs are further informed and believe that Section 1021.5 of the California Code of Civil Procedure permits Plaintiffs to recover attorneys' fees and costs incurred in enforcing § 17200.

**THIRD CAUSE OF ACTION**

**Permanent Injunction**

**(Nunez and Goncharenko Against Mercury and Does 1 to 50)**

49. Plaintiffs incorporate herein by reference the allegations contained in Paragraphs 1 through 48, inclusive, as though set forth in full.

50. Plaintiffs are working under a threat that Mercury will wrongfully enforce the unlawful termination provisions and the restrictive covenants and non-compete provisions of the Agreements.

51. Plaintiffs are informed and believe that Mercury has and continues to engage in such unlawful and unfair conduct for the purpose of injuring Plaintiffs, other employees, the clients they manage, as well as the public at large.

52. Mercury's actual and/or threatened enforcement of the unlawful termination provisions and the restrictive covenants and non-compete provisions in the Agreements, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs, as Mercury will continue to prevent Plaintiffs from freely pursuing their chosen profession and thus unlawfully restrain Plaintiffs in their trade.

53. Plaintiffs have no adequate remedy at law for the harm suffered and/or threatened, unless enjoined, as an award of monetary damages would not provide an adequate remedy.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Mercury as follows:

1. For a declaration that Plaintiffs are permitted to continue servicing their current clients through the California and London Newcos without violating any restrictive covenants in their Agreements with Mercury; or, in the alternative, for a declaration that the restrictive covenants in the Agreements are void and unenforceable, in whole or in part;

2. For a permanent injunction prohibiting Mercury from enforcing the restrictive covenants in the Agreements, in whole or in part;

3. For restitution in an amount to be proved at trial;

4. For attorneys' fees and costs as permitted by applicable law; and

5. For such other and further relief as the Court may deem just and proper.

DATED: October 5, 2021                    EISNER, LLP

By: _____
JEREMIAH REYNOLDS
Attorneys for Plaintiffs
FABIAN NUNEZ, KIRILL GONCHARENKO,
ACTUM CA OPCO LLC, and ACTUM UK
OPCO LLC

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues and causes of action triable by a jury.

DATED:  October 5, 2021                    EISNER, LLP

By: _____
JEREMIAH REYNOLDS
Attorneys for Plaintiffs
FABIAN NUNEZ, KIRILL GONCHARENKO,
ACTUM CA OPCO LLC, and ACTUM UK
OPCO LLC