UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MERCURY PUBLIC AFFAIRS LLC and MPA HOLDINGS INC.,

                    Plaintiffs,

              -v-

FABIAN NUNEZ and KIRILL GONCHARENKO

                    Defendants.

------------------------------------------------------------ X

Case No. 21-cv-8300 (VSB)(JLC)

**DECLARATION OF KIRILL GONCHARENKO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I, **KIRILL GONCHARENKO**, declare as follows:

1. I am a party in the above-entitled action. I have personal knowledge of the facts stated herein, which are known by me to be true and correct, and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of Defendants' Motion to Dismiss the Complaint, dated October 7, 2021.

2. I founded Mercury Public Affairs ("MPA") in 1999 with Kieran Mahoney, the current Chief Executive Officer of MPA. In or around 2003, we sold a majority of the company to Omnicom Group, Inc. ("Omnicom") through its subsidiaries.

3. In connection with that sale, I became an employee of MPA and entered into an employment agreement. Attached hereto as **Exhibit 1** is a true and correct copy of that employment agreement. I worked as an employee of MPA for 18 years until I resigned on October 1, 2021.

4. In 2013, I was required by MPA to personally sign the Fourth Amended and Restated Limited Liability Company Agreement of Mercury Public Affairs LLC, despite the fact that I am not and was not a member of MPA. Attached hereto as **Exhibit 2** is a true and correct copy of that agreement.

783859.4

5. MPA currently has two members: MPA Holdings, Inc. and High Stakes Holding Co. LLC ("High Stakes"). I am a member of High Stakes which owns a 45% profits interest in MPA. Upon my resignation from MPA, I did not withdraw as a member from High Stakes. In fact, the same morning I resigned from MPA, I notified Kieran Mahoney that I and Fabian Nunez were retaining our membership interests in High Stakes as our interests had not been repurchased, which I confirmed in a follow-up letter. Attached hereto as **Exhibit 3** is a true and correct copy of that letter.

6. In the past when members have withdrawn from High Stakes after termination of employment with MPA, those members have been paid for their membership interests in High Stakes. To the best of my knowledge, no member has even been required to forfeit his or her interest in High Stakes without compensation.

7. On October 8, 2021, MPA Holdings Inc. sent High Stake's counsel a letter purporting to confirm that I and Fabian Nunez had withdrawn as members from High Stakes. The letter was forwarded to me by High Stakes' counsel. A true and copy of that letter is attached hereto as **Exhibit 4**.

8. High Stakes has taken no action to remove me as a member. It has not repurchased (nor even offered to repurchase) my membership interest in High Stakes, which is required to remove me as a member under the High Stakes operating agreement. Attached hereto as **Exhibit 5** is a true and correct copy of the Second Amended and Restated Limited Liability Company Agreement of High Stakes Co LLC dated December 18, 2018. Attached hereto as **Exhibit 6** is a true and correct copy of the First Amendment to the Second Amended and Restated Limited Liability Company Agreement of High Stakes Co. LLC, as amended in December 2019.

9. I am a California resident.

10. My evidence relating to the claims of this litigation, including all of my devices (e.g. computers, phone, etc.) are located in California.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

      Executed on this 12th day of October, 2021, at Los Angeles, California.

DocuSigned by:

FC694D0A7E1A4ED...

Kirill Goncharenko

783859.4